# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6985 | **DATE** | 12/30/2004 |
| **CASE TITLE** | Travelers Casualty and Surety Co. vs. P.B. Verdico, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for summary judgment is GRANTED with respect to liability on the Carroll Seating, Inc., Team Mechanical, Inc., American Roofing, Inc., and Lombardi Electric claims: parties are ordered to confer and submit an accurate account of the outstanding balance amount to this Court by January 28, 2005. Plaintiff's motion for summary judgment with respect to the Burke Roofing claim is DENIED. As for attorney's fees, parties are ordered to proceed under LR 54.3. Plaintiff's motion for summary judgment related to consulting fees is DENIED. Additionally, this matter is referred to Magistrate Judge Keys on an expedited basis for a settlement conference.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JAN 03 2005 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | 28 |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| kt(lc) | courtroom deputy's initials | | | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut corporation | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 03 C 6985<br><br>HONORABLE DAVID H. COAR |
| P.B. VERDICO, INC., an Illinois corporation, and PETER B. VERDICO, an Illinois citizen, JULIE M. VERDICO, an Illinois citizen, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Travelers Casualty and Surety Company ("Travelers" or "Plaintiff") filed a motion for summary judgment in this Court against Defendants P.B. Verdico, Inc., Peter B. Verdico, and Julie M. Verdico (collectively referred to as "Defendants"). For reasons stated below, Plaintiff's motion is GRANTED in part and DENIED in part.

**Factual and Procedural Background[1]**

At issue in this case is the General Agreement of Indemnity ("Agreement") between Plaintiff, a wholly owned subsidiary of Connecticut corporation St. Paul Travelers and Defendants, an Illinois corporation and two Illinois residents.

---

[1] Unless otherwise noted, the following undisputed facts are taken from the parties' Local Rule 56.1 materials.

-1-

The parties entered into the Agreement after Travelers' predecessor in interest agreed to act as a surety for P.B. Verdico on three separate construction projects. As a condition for acting as surety, Travelers' predecessor required all three Defendants to act as indemnitors.

The parties entered into the Agreement on or about April 11, 1996. The Agreement stated that "Indemnitor(s) jointly and severally agree to indemnify Surety from and against any and all Loss." Loss was further defined to include "Any and all loss, costs, charges and expenses of any kind, sustained or incurred by Surety in connection with or as a result of (1) the furnishing of any Bond (2) the enforcement of this Agreement." The Agreement also clarified that when calculating loss, "originals or photocopies of claim drafts or payment records kept in the ordinary course of business, including computer print-outs, verified by affidavit, shall be prima facie evidence of the fact and amount of such Loss." Moreover, the Agreement stated that the surety is entitled to "reimbursement for any and all disbursements made by it in good faith, under the belief that it was liable, or that such disbursement was necessary or prudent."

Several entities brought claims in relation to the bonds issued by Travelers on P.B. Verdico projects: Carroll Seating, Inc., Team Mechanical, Inc., and American Roofing, Inc., all filed separate lawsuits in Cook County Circuit Court. Judgment was entered for Carroll Seating for $16,258.78 plus costs, Team Mechanical for $91,464.08 and American Roofing for $29,080.50. Travelers has paid or is in the process of paying those claims in full.

Defendants have partially reimbursed Travelers for some of the payments it has made. They paid Travelers $16,258.78 for the Carroll Seating claim, which covered all but $323.80 stemming from the costs of the lawsuit. They also paid Travelers $10,000 in attorney's fees. In

addition, at Defendants' request, Travelers paid $13,400.00 to settle a bond claim brought by PMBC; Defendants reimbursed Travelers for that amount.

According to the parties, Travelers has spent or is in the process of spending $120,868.38 on the aforementioned claims that has not yet been reimbursed by Defendants.

In addition, according to the parties, Travelers has either paid or is in the process of paying the full amount of the Lombardi Electric claim. The lawsuit, pending when Plaintiff first submitted its papers for summary judgment, has been resolved in favor of Lombard Electric.

Defendants contend that they are not responsible for repaying Travelers in relation to a claim brought by Burke Roofing. Based on the sparse information provided to this Court, the Burke Roofing claim still appears to be pending. In its motion for summary judgment, Travelers has not requested repayment in relation to the Burke Roofing claim

The parties also dispute how much Travelers has spent in attorney's fees and consulting fees: Travelers claims it has spent a total of $32,336.89.

Plaintiffs brought this suit on October 2, 2003. On November 26, 2003, this Court ordered Defendants to post collateral in the amount of $435,000 in the form of an indemnity bond with Travelers.

## Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Kamler v. H/N Telecommunication Services, Inc.*, 305 F.3d 672, 677 (7th Cir. 2002). A genuine issue of material fact exists for trial when a reasonable jury could return a

verdict for the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). When determining whether a genuine issue of material fact exists, the Court considers the evidence and all proper inferences therefrom in the light most favorable to the non-moving party. *See Neuma, Inc. v. AMP, Inc.* 259 F.3d 864, 871 (7th Cir. 2001).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Michael v. St. Joseph County, et al.*, 259 F.3d 842, 845 (7th Cir. 2001); *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). Cases involving the interpretation of contractual documents are often well-suited to disposition on summary judgment. *See Neuma, Inc.*, 259 F.3d at 871; *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 419 (7th Cir. 1998).

## Analysis

In its motion for summary judgment, Travelers requests that this Court order the payment of two different sets of costs. First, it requests the costs and expenses related to the bond claim payments it has incurred, is in the process of incurring, or will incur. Second, it requests the costs and expenses–attorney's fees and consulting fees–it incurred in investigating and defending the bond claims against Defendants and in enforcing the Agreement.

### Claim Payments

As a preliminary matter, it is important to note that Defendants have not provided this Court with either evidence or argumentation regarding why they are not liable under the Agreement for reimbursing Travelers for the $120,868.39 that it paid in order to dispose of the

American Roofing, Carroll Seating, and Team Mechanical bond claims. They do not contest the fact that Travelers paid that amount in accord with the Agreement. Furthermore, they do not provide any argument that the Agreement is either invalid or unenforceable.[2]

At best, Defendants appear to argue that because both parties agree that the Agreement is valid and enforceable and that Travelers should be reimbursed for all but the Burke Roofing bond payments, summary judgment with regards to all but the Burke Roofing payment is unnecessary.[3] The argument is not particularly convincing: presumably, Plaintiff brings suit because Defendants have not paid and have given no indication that they will at any point in the future pay what Travelers is owed under the Agreement.

Given that Defendants fail to raise any issues of material fact as to the payment of the American Roofing, Team Mechanical, and Carroll Seating claims, this Court finds Defendants liable for the full amount that Travelers has paid on those claims.

Defendants also fail to raise an issue of material fact with regards to the Lombardi Electric claim. Furthermore, Defendants do not argue that the Indemnity Agreement is invalid or unenforceable, that Travelers has violated the Indemnity Agreement in any way with respect to its treatment of the bond claim, or that Travelers has not paid for the claim. At most, they state

---

[2]In fact, the only statement Defendants make in their memorandum of law that pertains to the bond claims under the Indemnity Agreement is that they "do not contest, and never have contested, the validity or enforceability of the underlying Indemnity Agreement between Plaintiff and Peter B. and Julie M. Verdico, except regarding the Burke Roofing claim."

[3]Having perfunctorily dismissed the bond payment issue–in one sentence–Defendants then proclaim that "The sole issue before this Court is whether or not summary judgment should be granted in favor of Plaintiff with regard to its claim for attorney's fees and consulting fees, and, if summary judgment is appropriate, whether the fees sought by Plaintiff in its motion for summary judgment are reasonable."

that the claim is no longer pending, but even that information is not helpful to them given that, as they note, Lombardi Electric received judgment in its favor. Travelers has subsequently indicated to this Court that it is in the process of paying the full amount of the Lombardi Electric claim, in accordance with the Agreement. Consequently, this Court finds Defendants liable for the full amount that Travelers has paid in conjunction with the Lombardi Electric claim.

As for the Burke Roofing claim, Travelers requests that this Court require the Indemnitors to "hold Travelers" for the pending claim. Defendants, in turn, deny that Travelers faces contingent future exposure for the Burke's Roofing lawsuit.[4] In support, they argue that Travelers will not be liable for the Burke Roofing claim because the Village of Addison will be responsible for payment of that claim. Defendants also submit as an exhibit the verified third-party complaint filed by P.B. Verdico in state court against the City of Addison for declaratory judgment in relation to the Burke Roofing claim.

Defendants' argument that repayment is not due is premature. Under the terms of the Agreement, Travelers is not yet entitled to a finding by this Court in relation to the Burke Roofing claim: in fact, according to the meager information before this Court, the claim is still pending.[5]

---

[4] Ordinarily, this Court would then look to Defendants' LR 56.1(a)(a) memorandum for the accompanying argument. Defendants in this case, however, chose to disregard this Court's Standing Order regarding motions for summary judgment, and included their argument in their LR 56.1(b)(3)(A) response, strict instruction from this Court notwithstanding.

[5] Plaintiff states in its Rule 56 statement that it faces contingent future exposure for the Burke's Roofing lawsuit. For support, it cites the affidavit of Mark S. Marino, a vice-president of bond claim at Travelers. Marino is responsible for managing the claims and lawsuits asserted against the bonds issued by Travelers on behalf of Verdico and for enforcing the terms of the Agreement. The affidavit states that Travelers faces "contingent future exposure" for the Burke Roofing claim.

In Illinois, an indemnity agreement is a contract and therefore should be interpreted in a manner that gives effect to the intention of the parties. *See Hanover Insurance Co. v. Smith,* 538 N.E.2d 710 (1989), aff'd, 561 N.E.2d 14 (1990). In order to discern the intent of the parties, a court will look to the language in the contract. *See United States Fidelity & Guaranty Co. v. Klein Corp.,* 558 N.E.2d 1047, 1050 (1990). The language is to be given its plain and ordinary meaning unless it is ambiguous. *See id.*

The plain language of the Agreement specifically states that loss must be "sustained or incurred by Surety" and that the Surety "shall be entitled to reimbursement for any and all disbursements made by it in good faith, under the belief it was liable, or that such disbursement was necessary or prudent." In this case, Travelers has not indicated that any disbursements have been made with regards to the Burke Roofing claim. Thus, any request for liability is premature.

At this stage, neither party has submitted sufficient evidence to this Court regarding the disputed Burke Roofing claim. If the parties intend to litigate regarding this claim, they are advised to submit adequate evidence regarding the claim to this Court.[6]

The parties are hereby ordered to confer as to the total outstanding balance Defendants owe Travelers and to submit a jointly compiled, accurate and detailed account of the outstanding

---

[6] As this Court has noted in its Standing Order regarding motions for summary judgment, a LR 56.1(a)(3) statement that does not include reference to a specific document in support thereof may be disregarded. If Travelers intends to collect payment from Defendants on the Burke Roofing claims it must submit adequate documentation showing that it has paid those claims in accordance with the terms of the Agreement.
  ' All parties are strongly urged to do what this Court at this stage cannot because of a lack of evidence–review the claim, determine liability according to the language of the Agreement, and arrange for payment if necessary.

balance amount to this Court by January 28, 2005. If the parties cannot agree as to the amount, they are ordered to submit their respective versions of the amounts outstanding, complete with a accurate and detailed explanation as to why they could not come to agreement on the amount outstanding, to this Court.

### Attorney's Fees and Consulting Fees

Defendants also contest the amount of attorney's fees and consulting fees that Plaintiff claims it is owed under the Agreement.

The broad definition of loss in the Indemnity Agreement and accompanying expansive language supports Travelers' argument that under the terms of the Agreement, it is entitled to reimbursement for the portion of attorney's fees and consulting fees that it paid out "in good faith, under the belief that it was liable or that such disbursement was necessary or prudent." Based on the language of the Indemnity Agreement, Defendants are liable for the attorney's fees and consulting fees that were incurred, in good faith, either "in connection with or as a result of (1) the furnishing of any Bond (2) the enforcement of...[the Idemnity] Agreement."

Illinois courts have held that good faith is presumed when a surety requests attorney's fees that are otherwise covered by an indemnity agreement, as long as the surety has provided the information required by the indemnity agreement. See, e.g., *Mountbatten Sur. Co., Inc. v. Szabo Contracting, Inc.*, 812 N.E.2d 90,103, (Ill.App. Ct. 2004)(citing *U.S. Fidelity and Guar. Co.*, 558 N.E.2d 1047 (Ill. App. Ct. 1990)). In this case, the Agreement states that "originals or photocopies of claim drafts or payment records kept in the ordinary course of business, including computer print-outs, verified by affidavit, shall be prima facie evidence of the fact and amount of such Loss."

-8-

The Marino affidavit states that as of August, 2004, Travelers had incurred expenses of $32,336.89 for unreimbursed attorney's fees and consulting fees. Initially Travelers did not satisfy the requirements of the Agreement because it did not attach any records that Marino's affidavit was purportedly verifying: the affidavit alone does not satisfy the requirements for prima facie evidence under the terms of the Agreement. While Illinois courts have found that there is a presumption of good faith when the surety spends in accordance with the indemnity agreement, in this case Travelers initially did not submit sufficient information which would enable Defendants to ascertain that it acted in accordance with the Agreement.

Later, Travelers did submit records regarding legal expenses to this Court. Because of the timing of the submission of the business records, Defendants were not able to refute the presumption that the amounts at issue were amounts charged in good faith as required by the language of the indemnity agreement.

With respect to the question of attorney's fees, parties are ordered to proceed under Local Rule 54.3 ("LR 54.3"). LR 54.3 requires that the parties confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion. Parties should follow the timetable set out in LR 54.3.

Unlike the records regarding attorney's fees–which were submitted to this Court, albeit at a late stage in the proceedings–Travelers has never submitted evidence regarding the consulting fees that Marino claims it paid. Consequently, its motion for summary judgement with regards to the consulting fees is DENIED.

## Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED with respect to liability on the Carroll Seating, Inc., Team Mechanical, Inc., American Roofing, Inc., and Lombardi Electric claims: parties are ordered to confer and submit an accurate account of the outstanding balance amount to this Court by January 28, 2005. Plaintiff's motion for summary judgment with respect to the Burke Roofing claim is DENIED. As for attorney's fees, parties are ordered to proceed under LR 54.3. Plaintiff's motion for summary judgment related to consulting fees is DENIED.

Additionally, this matter is referred on an expedited basis to Magistrate Judge Keys for a settlement conference.

Enter:

David H. Coar

United States District Judge

Dated: **12/30/04**